William D. Hyslop
United States Attorney
Eastern District of Washington
Brian M. Donovan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY KNOWN AS 908 NORTH BOWDISH ROAD, SPOKANE, WASHINGTON, TOGETHER WITH ALL APURTENANCES, FIXTURES, ATTACHMENTS, AND IMPROVEMENTS THERETO AND THEREUPON,<br><br>Defendant. | VERIFIED COMPLAINT FOR FORFEITURE *IN REM* |

Plaintiff, United States of America, by its attorneys, William D. Hyslop, United States Attorney for the Eastern District of Washington, and Brian M. Donovan, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## I. NATURE OF THE ACTION

1.     This is an action to forfeit and condemn to the use and benefit of the United States of America the following listed property, hereafter the "Defendant

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  1

Property," for violations of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) Receipt and

Distribution of Child Pornography; and, 18 U.S.C. § 2252A(a)(5)(B), (b)(2),

Possession of Child Pornography.

## II.  **THE DEFENDANT(S)** *IN REM*

2.     The Defendant Property consists of the following property:
Real property known as 908 North Bowdish Road, Spokane,
Washington, Parcel #: 45161.0839, legally described as follows:

Lot 15, Block 3, Regos Addition to Opportunity, as per Plat recorded in
Volume "X" of Plats, Page 15;

Situate in the County of Spokane, State of Washington.

Together with all appurtenances, fixtures, attachment and
improvements thereto and thereupon.

Subject to all easements, restrictions, reservations and covenants
of record.

3.     The listed owner of 908 North Bowdish Road, Spokane, Washington, is

Jeffrey J. Franklin.

## III.  **JURISDICTION AND VENUE**

4.     Plaintiff brings this action *in rem* in its own right to forfeit and condemn

the Defendant Property.  This Court has jurisdiction over an action commenced by the

United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28

U.S.C. § 1355(a).

5.     This Court has *in rem* jurisdiction over the Defendant Property under 28

U.S.C. § 1355(b).

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  2

6.      Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1),

because the acts or omissions giving rise to the forfeiture occurred in this district.

## IV.  BASIS FOR FORFEITURE

7.      Plaintiff repeats and realleges each and every allegation set forth in

Paragraphs 1 through 6 above.

8.      The United States alleges that the Defendant Property is subject to

forfeiture to the United States pursuant to 18 U.S.C. §§ 2253, 2254, because it

represents property used or intended to be used to commit or facilitate violations of 18

U.S.C. § 2252A(a)(2)(A), (b)(1) Receipt and Distribution of Child Pornography; and,

18 U.S.C. § 2252A(a)(5)(B), (b)(2), Possession of Child Pornography. As a result of

the foregoing, the Defendant property is liable to condemnation and forfeiture to the

United States for its use, in accordance with the provisions of 18 U.S.C. §§ 2253,

2254.

## V.  FACTS

9.      Between the dates of January 4, 2018 and May 6, 2018 SA Rodney

Weekes ("SA Weekes"), Homeland Security Investigations ("HSI"), while acting in a

covert capacity, established multiple "single source" connections with Internet

Protocol (IP) address 24.22.158.142. SA Weekes used an automated law enforcement

version of a publically available "peer-to-peer" file sharing program to establish the

connection. SA Weekes downloaded eleven (11) child pornography image files and

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  3

twelve (12) child pornography video files from IP address 24.22.158.142 during the following occasions:

    a.    January 4, 2018 - SA Weekes downloaded two (2) of thirty-five (35) parts of a child pornography video. The video included three (3) viewable segments of a twenty-six (26) minute and three (3) seconds long video, involving the lascivious exhibition of children and the depiction of children involved in sex acts.

    b.    February 25, 2018 - SA Weekes downloaded a full child pornography video file. The video was nineteen (19) minutes, and thirty-three (33) seconds long and involved both the lascivious exhibition of children and the depiction of children involved in sex acts.

    c.    May 6, 2018 - SA Weekes downloaded parts of two (2) child pornography videos. One of the videos included a viewable segment of a fifty (50) minutes and forty (40) seconds long video, involving the lascivious exhibition of children and the depiction of children involved in sex acts. The other video included a viewable segment of a nine (9) minutes and six (6) seconds long video, involving the lascivious exhibition of children and the depiction of children involved in sex acts.

10.    On March 7, 2018, SA Weekes issued a summons to Comcast. The return indicated that IP address 24.22.158.142 was, during the specified download times, registered to Jeffrey Jon Franklin ("Defendant") at Defendant Property: 908 North

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  4

Bowdish Road, Spokane Valley, Washington 99206. Defendant utilized the Defendant Property to facilitate his illegal behavior and provide him with the privacy necessary to conceal his crimes. Accordingly, Defendant's "use" of the Defendant Property – *i.e.* his home – establishes a substantial nexus between Defendant Property and Defendant's illegal behavior.

11. On June 21, 2018, SA Weekes obtained and executed a search warrant at Defendant Property. HSI/ Resident Agents in Charge ("RAC") Spokane executed the search warrant and seized eighteen (18) digital devices from the property.

12. On September 11, 2018, HSI received for review a computer hard drive extracted through a computer forensic analysis of Defendant's electronic devices. A review of the extracted files revealed a total of 33,909 child pornography image files and 534 child pornography video files. Metadata demonstrates that Defendant downloaded these files between July 7, 2009 through June 21, 2018. These files were downloaded, viewed, and distributed by Defendant from the privacy of his home – *i.e.* the Defendant Property. During the specified times, Defendant downloaded and distributed child pornography material from inside his home, which is the Defendant Property. He used the space as a power source and as a method of hardwiring a connection to the internet, for purposes of downloading and distributing child pornography material. Not only did Defendant Property facilitate the downloading of the illegal child pornography, but it also provided Defendant with the requisite privacy needed to conceal his illegal behavior for nearly a decade. There is, therefore, a

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  5

substantial and crucial connection between the Defendant Property and Defendant's illegal behavior.

13.     On December 4, 2018, the United States filed an Indictment charging Defendant with Receipt of Child Pornography (Count 1), in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1); Distribution of Child Pornography (Count 2), in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1); and Possession of Child Pornography (Count 3) 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

14.     The Indictment contained a Notice of Forfeiture Allegations ("Notice"), pursuant to 18 U.S.C. § 2253, in which the allegations of the Indictment were realleged and incorporated. The Notice contained a provision in which Defendant, upon conviction of an offense in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), or 18 U.S.C. § 2252A(a)(5)(B), (b)(2), forfeits to the United States any matter which was used or intended to be used to commit or promote the commission of the offenses charged in the Indictment. The Notice contained a non-exhausted list of property to be forfeited upon conviction.

15.     On May 13, 2019, pursuant to the charges set forth in the Indictment, Defendant entered into a Plea Agreement with the United States. In the Plea Agreement, Defendant agreed to plead guilty to Count 3 of the Indictment, charging him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). By entering into the Plea Agreement with the United States, Defendant stipulated and agreed that the facts alleged herein are accurate. Defendant

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  6

also acknowledged that the images at issue traveled in interstate commerce via the internet.

16.    On October 15, 2019, Defendant was convicted of one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and sentenced to a prison term of 48 months. ECF No. 60.

## VI.  CONCLUSION

Based on the foregoing, the United States alleges that the Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 2253, 2254, because it represents property used or intended to be used to commit or facilitate violations of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) Receipt and Distribution of Child Pornography; and, 18 U.S.C. § 2252A(a)(5)(B), (b)(2), Possession of Child Pornography.

WHEREFORE, the United States of America requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the Defendant Properties be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

DATED this 21st day of October 2019.

William D. Hyslop
United States Attorney

*s/ Brian M. Donovan*
Brian M. Donovan
Assistant United States Attorney

//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  7

## VERIFICATION

I, Trinity W. Street, hereby verify and declare under penalty of perjury that I am a Special Agent with the Homeland Security Investigations, in Spokane, Washington, that I have been assigned responsibility for this case following the retirement of SA Weekes and am familiar with the file and evidence, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent.

I hereby verify and declare under penalty of perjury that the foregoing information is true and correct.

DATED this _21_ day of October 2019.

Trinity W. Street, Special Agent
Homeland Security Investigations

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* 8

JS 44  (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

## DEFENDANTS

REAL PROPERTY KNOWN AS 908 NORTH BOWDISH ROAD, SPOKANE, WASHINGTON

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Spokane
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian M. Donovan, AUSA, United States Attorney's Office, P.O. Box 1494, Spokane, WA 99210-1494 (509) 353-2767

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights / ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §§ 2253, 2254

Brief description of cause:
civil forfeiture of property facilitating child pornography violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   Nielsen
DOCKET NUMBER   18-CR-00220-WFN

DATE
10/21/2019

SIGNATURE OF ATTORNEY OF RECORD
Brian M. Donvan, Assistant U.S. Attorney

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |